UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL JOHN PETERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19-CV-3213-RLW |
| ) | |
| BEN SPEAR, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Michael John Peterson, an inmate at Jefferson City Correctional Center, for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $1.70. *See* 28 U.S.C. § 1915(b)(1). Additionally, as fully explained below, the Court will dismiss plaintiff's complaint without prejudice.

### Initial Filing Fee Under Prison Litigation Reform Act

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to

the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is paid in full. *Id.*

In support of the motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $8.50. The Court will therefore assess an initial partial filing fee of $1.70, which is twenty percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone*

*v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this civil action pursuant to 42 U.S.C. § 1983 against defendants Ben Spear, Judge of Dekalb County Circuit Court; Erik C. Tate, Prosecutor of Dekalb County; and Kate Ladesh, Dekalb County Public Defender. Plaintiff alleges he was injected with Haldol, Vistaril, and Ativan shots against his will every six months leading up to his Dekalb County Circuit Court appearance in March 2016. As a result, he states he does not remember the judge, prosecutor, or public defender and he was incompetent to stand trial or assist in his defense. He received a seven-year prison sentence for the class C felony of tampering/destroying state property.

Although unrelated to his criminal proceedings, plaintiff alleges that on July 25, 2015 he was hospitalized for high blood pressure. He states he received a head or chest MRI, doppler cardiograph, and heart sonogram, all of which cost $48,500.

For relief, plaintiff seeks compensatory damages of $48,500 for hospital bills, $10,000 in punitive damages, and $100 per day since May 7, 2019.

## Discussion

Judicial immunity grants absolute immunity to judges from civil lawsuits based on alleged judicial misconduct, subject to two exceptions: (1) when a judge does not act within his judicial capacity, or (2) when a judge takes judicial action in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). "[W]hether an act by a judge is a 'judicial' one relate[s]

-3-

to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Id.* at 12. Although plaintiff makes no direct allegations against Judge Spear, liberally construing his complaint, plaintiff could be suing Judge Spear arising out of his state court criminal proceedings. Any allegation arising out of Judge Spear's handling of plaintiff's criminal case, however, would be judicial in nature and not subject to any exception. Because Judge Spear is granted absolute immunity from civil lawsuits, the Court will dismiss plaintiff's claims against Judge Spear as legally frivolous.

As to plaintiff's claims against Erik C. Tate, Prosecutor of DeKalb County, these claims also will be dismissed as legally frivolous. Liberally construed, plaintiff sues Tate arising out of his prosecution of plaintiff in his criminal trial. Absolute immunity protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976) (holding that prosecutors are absolutely immune from civil rights claims based on actions taken while initiating and pursuing a criminal prosecution); *see also Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016) (finding absolute immunity applies to prosecutorial functions and other conduct that is intimately associated with the judicial process). Because Tate is granted absolute immunity from civil lawsuits, plaintiff's claims against Tate are legally frivolous and will be dismissed.

Finally, plaintiff brings his § 1983 claims against his public defender Kate Ladesh. Again, he does not state any direct allegations of constitutional violations against Ladesh. Regardless, the complaint fails to state a claim upon which relief can be granted because "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a

-4-

defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). As a result, plaintiff's § 1983 claims against Ladesh will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that within thirty (30) days of the date of this Memorandum and Order, plaintiff must pay an initial filing fee of $1.70. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the this action is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED as moot**. [ECF No. 4]

An order of dismissal will accompany this memorandum and order.

Dated this 14th day of February, 2020.

Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE